# IN THE COURT OF APPEALS OF IOWA

No. 19-1964
Filed October 6, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL S. HECK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Stephen A. Owen,

District Associate Judge.


        Michael Heck appeals his jury conviction for assault causing bodily injury.

**AFFIRMED.**


        Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., Greer, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**BLANE, Senior Judge.**

In October 2019, a jury found Michael Shawn Heck guilty of assault causing bodily injury. He appeals, arguing substantial evidence does not support the conviction and his attorney was ineffective in failing to object to a jury instruction. Because we find substantial evidence supports the verdict and we are without authority to hear the ineffective-assistance-of-counsel claim, we affirm.

**I.      Facts and Background Proceedings**

Heck and his girlfriend L.M. lived with their son S.H. in an apartment in Boone. L.M.'s brother, Jacob, lived with his girlfriend, Heather, a short distance away in the same apartment complex. Heck and L.M. arranged for Jacob and Heather to babysit S.H. while they went on a date.

Around 3:00 a.m., L.M. called Jacob requesting he come and pick her up because she and Heck had been in an argument. Jacob picked up L.M. and brought her back to his apartment. Later, Heck showed up, an argument ensued, and Heck punched Jacob in the face, breaking his nose. Heather called the police, but Heck left before they arrived. Heck was charged with domestic abuse assault against L.M. and assault causing bodily injury against Jacob, in violation of Iowa Code sections 708.1(2) and 708.2(2) (2019), a serious misdemeanor.

At trial, Heck argued self-defense but he did not testify or present evidence. The jury found Heck not guilty of domestic abuse assault against L.M., but guilty of assault causing bodily injury against Jacob. The court sentenced Heck to one year in jail. Heck appeals.

## II.    Scope and Standards of Review

We review challenges to the sufficiency of the evidence for correction of errors at law.  *State v. Donahue*, 957 N.W.2d 1, 7 (Iowa 2021).  We uphold the verdict if it is supported by substantial evidence.  *Id.*  Evidence is substantial when it would convince a rational fact finder of the defendant's guilt beyond a reasonable doubt.  *Id.*  We view the evidence in the light most favorable to the State.  *Id.*  And we include all legitimate inferences and presumptions that may reasonably be deduced from the evidence.  *Id.*  We consider all the evidence in the record and not just the evidence supporting the finding of guilt.  *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

## III.    Analysis

Heck argues the verdict should be overturned because there is a "lack of evidence, lack of information and cooperation from the witnesses, combined with Michael's right to defend himself and being justified in attempting to retrieve his child all raise questions beyond a reasonable doubt."  The court instructed the jury on what the State had to prove to find Heck guilty:

> The State must prove all of the following elements of . . . [a]ssault [c]ausing [b]odily [i]njury:
> 1.  . . . [Heck] either did an act which was meant to:
> . . . .
> d. cause pain or injury to the victim; and/or
> e. result in physical contact which was insulting or offensive to the victim; and/or
> f. place the victim in fear of immediate physical contact which would have been painful, injurious, insulting or offensive.
> 2. [Heck] had the apparent ability to do the act.
> 3. [Heck's] act caused a bodily injury to Jacob . . . .

The jury instructions also defined "bodily injury" as "physical pain, illness or any impairment of physical condition." On Heck's defense of justification, the court instructed the jury:

> A person is justified in using reasonable force if he believes the force is necessary to defend himself from any imminent use of unlawful force.
> If the state has proved any one of following elements, [Heck] was not justified:
> 1. [Heck] started or continued the incident that resulted in injury. . . .

Both Jacob and Heather testified at trial. Jacob testified he and Heather were at their home with L.M. and heard a loud noise, which was Heck knocking on the front door. Heather testified Heck was saying, "Open the door. I want my son." Jacob went to the front door but stopped and sat on the stairs inside the residence. Even though Jacob told her not to, L.M. opened the door. Heck and L.M. started arguing. Heather testified Heck "wanted [S.H.]" and was angry and aggressive. L.M. told Heck to go home, and he "[k]ind of just moved her aside and said, "no, I'm here to pick up [S.H.]"

After L.M. "got pushed," the fight "escalat[ed]." Jacob estimated the argument between Heck and L.M. became physical within thirty seconds. Jacob, still seated on the stairs, told Heck "I think [you] should go before the law gets involved." Heck came inside the residence and asked if Jacob was going to call the cops. Jacob said no, and Heck threatened to "beat [Jacob's] ass." Then, according to Jacob, "[h]e just started hitting me." Jacob estimated Heck hit him in the face with both fists around fifteen times. Heather saw Heck hit Jacob at least twice in the face before she ran back to the kitchen and called the police.

During the altercation, L.M. intervened and tried to get Heck to stop hitting Jacob. She was briefly knocked unconscious and fell to the floor. Once Heck realized this, he stopped hitting Jacob. Jacob then picked up a crowbar and told Heck to leave. They struggled over the crowbar but Heck left after Heather called police. At the hospital, Jacob was treated for a broken nose and deviated septum. At trial, Jacob admitted that at first he was reluctant to assist the police and considered the incident a family matter. Heather also testified she did not want to get Heck in trouble.

Despite their initial reluctance to press charges against Heck, Jacob and Heather's trial testimony provides substantial evidence that Heck committed an assault causing bodily injury against Jacob. He punched Jacob repeatedly and hard enough to break his nose. Even in the argument beforehand, Heck threatened Jacob with painful or injurious contact stating he would "beat [his] ass." Heck had the apparent ability to do so, having pushed his way past L.M. into Jacob's apartment. Based upon the evidence at trial, a reasonable juror would find the State proved Heck committed an assault causing Jacob bodily injury.

As to the justification defense, Heck suggests Jacob threatened him with the crowbar over which they tussled. But Jacob's uncontroverted testimony is that only after Heck had punched him in the face numerous times did Jacob grab the crowbar. Heck points out no evidence to the contrary. Evidence in the record does not show that Heck was defending himself from any imminent use of unlawful force by L.M. or Jacob. The jury was instructed on Heck's justification defense and by its verdict, rejected it. We find substantial evidence supports the jury's verdict.

Finally Heck argues in this direct appeal, without acknowledging statutory changes that have been in effect for two years, that his trial counsel was ineffective in failing to object to a jury instruction. Iowa Code section 814.7 prohibits us from deciding an ineffective-assistance claim on direct appeal. *See also State v. Damme*, 944 N.W.2d 98, 103 n. 1 (Iowa 2020) (finding effective date of 2019 amendments to Iowa Code sections 814.6 and 814.7 was July 1, 2019, and "[t]he determinative date is the date of the judgment of sentence that is appealed, not whether the appeal was pending on July 1, 2019"); *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (clarifying that amended section 814.7 "does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal"). We lack authority to consider this issue.

## IV.     Conclusion

Because substantial evidence supports the verdict and we are without authority to consider the ineffective-assistance-of-counsel claim, we affirm.

**AFFIRMED.**